Exhibit F

**DANIELS LAW OFFICES, P.C.**

*Attorneys at Law*
*One Center Plaza*
*Boston, Massachusetts 02108-1801*
*Telephone (617) 227-7300 Facsimile (617) 227-9645*

August 6, 2003

MAE 5021-1308, 0022717400
Neil F Thomas
7415 Connecticut Ave N W
Apt 125 Washington, DC 20015

Dear Sir/Madam: Re: Mass. Educational Financing Authority

This office has recently received notice that you have made a payment directly to our client. This office is now handling your account. Please be advised that all future payments should be made to this office and made payable to DANIELS LAW OFFICES, P.C.

Please contact this office so that we can work out an amicable payment arrangement that is acceptable to our client.

DANIELS LAW OFFICES, P.C. and your creditor reserve the right under 940 C.M.R. s. 7.04(1)(f) to pursue all legal remedies against you at a time later than 14 days from the date hereof or not to pursue any legal remedies against you at all.

Very truly yours,

Daniels Law Offices, P.C.

This is an attempt to collect a debt and any information obtained will be used for that purpose. We are debt collectors.

# Exhibit G

August 15, 2003

Daniels Law Offices, PC
One Center Plaza
Boston, MA 02108-1801

Dear Sir or Madam:

I have received your unsigned letters dated August 7/August 8, 2003. I was not notified by MEFA that my account had to been forwarded to your service. Please note the following:

- Interestingly, I have recently received a reply from MEFA regarding correspondence I sent approximately 2 months ago, stating that I should continue to forward payments to their address. Needless to state, this is a confusing matter for someone who is willing and eager to settle their debt. Also, there is still the matter of several payments (uncashed checks) not credited to my account.

- If in fact, you have oversight of my loans, I would like to continue payment on the same terms as the original loan, **making payments of approximately 241.00 a month (121.41 + 119.07), by the first of each month, beginning the first of September.** Because of my previous long-term unemployment and the acceptance of a position that pays 35 percent less than my pre-graduate school income, this is an acceptable payment plan for me. Of course, I will send additional payments if I obtain an increase in income.

- Finally, because you describe your organization as "debt collectors," under the Fair Debt Collections Practices Act (FDCPA), I respectfully request that all correspondence with your organization be conducted in written form.

Thank you and I look forward to hearing from you.

Gail Thomas [signature: Gail Thomas]
5415 Connecticut Avenue East
Apt 125
Washington, DC 20015

1

FOIL 8/15/03 correspondence
[illegible]

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Daniels Law Office
ONE Center Plaza
Boston, MA 02108-1801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x Milena DiMauro ☐ Agent ☐ Addressee

B. Received by (Printed Name) Milena DiMauro

C. Date of Delivery 8/19/03

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7003 1010 0004 1994 5022

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

# Exhibit H

August 29, 2003

Daniels Law Offices, PC
One Center Plaza
Boston, MA 02108-1801

Dear Sir or Madam:

As of the date of this letter, I did not receive a reply to my letter dated 8/15/03 regarding a proposed payment of **making payments of approximately 241.00 a month** Therefore, I must assume that the payment arrangement is acceptable to your terms. The payment is attached to this letter.

Also, according to your records (Attachment 1) that you only have 40.00 credited to my account; the correct amount should be 1812.03. Please note in addition to a copious amount of correspondence, detailed records of conversations, two submittals of hardship applications, and tape recording of voice mail and telephone conversations due to repeated violations of Fair Debt Collections Practices Act (FDCPA) by MEFA (Key collection staff). I have submitted the following:

| Check Number | Amount of Payment | Date of Check | Status |
|---|---|---|---|
| 1400 | 241.00 | 8/28/03 | Included in 8/29/03 correpondence |
| 1371 | 15.00 | 6/16/03 | Cashed week of 8/25/03 |
| 1372 | 15.00 | 6/16/03 | Cashed week of 8/25/03 |
| 1361 | 15.00 | 5/15/03 | **Uncashed** |
| 1362 | 15.00 | 5/15/03 | **Uncashed** |
| 1349 | 15.00 | 4/15/03 | Cashed |
| 1350 | 15.00 | 4/15/03 | Cashed |
| 1340 | 15.00 | 3/15/03 | Cashed |
| 1341 | 15.00 | 3/15/03 | Cashed |
| 1326 | 25.00 | 1/16/03 | Cashed |
| 1327 | 25.00 | 1/16/03 | Cashed |
| 1316 | 40.00 | 12/14/02 | Cashed |
| 1317 | 40.00 | 12/14/02 | Cashed |
| 1304 | 60.41 | 11/01/02 | Cashed |
| 1305 | 119.07 | 11/01/02 | Cashed |
| 1300 | 60.00 | 10/18/02 | Cashed |
| 1293 | 119.07 | 9/16/02 | Cashed |
| 1289 | 241.00 | 8/17/02 | Cashed |
| Credit Card Payment | 243.00 | 6/7/02 | Processed - #007118 |
| Credit Card Payment | 238.00 | 6/7/02 | Processed - #010169 |
| 1261 | 119.07 | 4/20/02 | Cashed |
| 1262 | 121.41 | 4/20/02 | Cashed |
| **Total** | **1812.03** | | |

I would like my account to reflect the payments that I have submitted to date. Please forward an up-to-date account balance reflecting the above payments at your earliest convenience.

Thank you in advance for your cooperation.
Gail Thomas *Gail Thomas*

Attachment (1)



Online Check Imaging Page 1 of 1

**Online Check Imaging**

Print This Page | Close Window

The front image:

GAIL F. THOMAS 6/16/99
532 BELMONT AVENUE EAST, APT. 204
SEATTLE, WA 98102

5021-1307 1400

DATE 8/27/03

PAY TO THE ORDER OF Daniels Law offices MFEA $ 241.00

Two hundred fourty one dollars & 00/100 DOLLARS

Net.Bank

MEMO MAF 5021 1307

Gail Thomas

⑆061092977⑆ 1000157916 7⑈ 1400 ⑈0000024100⑈

The back image:

9410452375
09052003
0110-0001-5
ENT=4140 ... 8070 >011075150<
09052003 R027 829 P12 SOVEREIGN
0111 ... 0014-8 09/03/2003
09052003 =0044 TRC=0066 PK=06
0610-0014-6
ENT=1091 TRC=1091 PK=13

FOR DEPOSIT ONLY IN THE
EREIGN BANK NEW ENGLAND
TO THE ACCOUNT OF
DANIEL'S LAW OFFICES, P.C.
CLIENTS TRUST ACCOUNT
62100032523

https://image.netbank.com/eresearch/vsoft.asp?ImageID=CENTXTVMCKUz^QSE.ENTWOOjBENTX... 10/24/2003

# Exhibit I

Rec'd 10/16/03 6:40pm
Posted to ADT [illegible]

**TRIAL COURT OF THE COMMONWEALTH — BOSTON MUNICIPAL COURT DEPARTMENT**
**CIVIL BUSINESS DIVISION**

SUFFOLK, SS. CIVIL NO. 004055

Mass. Educational Financing Authority
Plaintiff

Gail F. Thomas
Defendant

SUMMONS

To the above-named defendant: Gail Thomas of 5415 Connecticut Ave. NW Apt. 125, Washington D

You are hereby summoned and required to served upon Richard S. Daniels, Jr.

plaintiff's attorney, whose address is One Center Plaza Boston, MA 02108

a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the Office of the Clerk/Magistrate of this Court either before service upon plaintiff's attorney, or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for relief demanded in the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

Witness, CHARLES R. JOHNSON Esquire, at Boston, the tenth day of September

in the year of our Lord two thousand and three.

[signature]
CLERK/MAGISTRATE

*TO PROCESS SERVER:*

*The person serving process shall make proof of service thereof in writing to the Court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the time during which the person served must respond to the process.*

*I hereby certify and return that on ____________ 20____, I serve a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Rule 4(d) (1-5):**

DATED: ____________________ 20____.

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX AND ON COPY SERVED ON DEFENDANT AND RETURN ORIGINAL TO THIS COURT.

| 20____ |
|---|

NOTICE TO DEFENDANT — YOU NEED NOT APPEAR PERSONALLY IN COURT TO ANSWER THE COMPLAINT, BUT IF YOU CLAIM TO HAVE A DEFENSE, EITHER YOU OR YOUR ATTORNEY MUST SERVE A COPY OF YOUR WRITTEN ANSWER WITHIN 20 DAYS AS SPECIFIED HEREIN AND ALSO FILE THE ORIGINAL IN THE CLERK/MAGISTRATE'S OFFICE.

** If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G. L. Chap. 223 sec. 31).*

Notes: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk/Magistrate's Office at commencement of the action shall be affixed to this summons before it is served.

Form 1 20M 08/01

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT CIVIL BUSINESS DIVISION
NO. 064055

* * * * * * * * * * * * * * * * * * * * * * * * *

Mass. Educational Financing Authority
Plaintiff

vs.

Gail F. Thomas
Defendant

* * * * * * * * * * * * * * * * * * * * * * * * *

COMPLAINT

1. The plaintiff Mass. Educational Financing Authority resides or has an usual place of business in Boston, MA;

2. The defendant, Gail F. Thomas resides or has an usual place of business at 5415 Connecticut Ave. NW Apt. 125, Washington, D.C. 20015;

**COUNT I**

3. The defendant owes the plaintiff the sum of $ 13,922.42 as the balance due on a promissory note of which the plaintiff is a holder, the consideration for which was provided in Massachusetts, a copy of which is hereto appended and marked "Exhibit A", together with costs, interest in the amount of 6.85% per annum from 2/17/2002, on or before which date demand for payment was duly made, and a reasonable attorney's fee at a rate of 15.00% of the balance placed, in the amount of $ 2,042.61;

**COUNT II**

4. The defendant owes the plaintiff the sum of $ 8, 380.94 as the balance due on a promissory note of which the plaintiff is a holder, the consideration for which was provided in Massachusetts, a copy of which is hereto appended and marked "Exhibit B", together with costs, interest in the amount of 7.85% per annum from 12/17/2002, on or before which date demand for payment was duly made,and a reasonable attorney's fee at a rate of 15% of the balance placed, in the amount of $ 1,251.22;

WHEREFORE, the plaintiff demands judgment against the defendant in COUNT I in the amount of $13, 922.42 together with costs, interest and an attorney's fee in the amount of $ 2, 042.61 and plaintiff demands judgment against the defendant in COUNT II in the amount of $ 8,380.94 together with costs, interest and an attorney's fee in the amount of $ 1251.22.

Respectfully submitted,
Mass. Educational Financing Authority
By its Attorney ,

Richard S. Daniels, Jr.
DANIELS LAW OFFICES, P.C.
One Center Plaza
Boston, Massachusetts 02108
BBO No. 113680
Tel. (617) 227-7300
August 28, 2003

5021-1307
5021-1308

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT CIVIL BUSINESS DIVISION
NO. 004055

| | |
|---|---|
| Mass. Educational Financing Authority, Plaintiff | |
| vs. | STATEMENT OF DAMAGES AND DEMAND FOR A JURY TRIAL |
| Gail F. Thomas, Defendant | |

PLAINTIFF in the above-entitled action, hereby asserts under penalty of perjury that the money damages sought by means of the complaint to which this statement of damages is attached, amount to $ 25,597.19.

The manner in which the amount of damages was calculated was simple addition and multiplication.

The plaintiff demands trial by jury in the Superior Court.

Respectfully submitted,
Mass. Educational Financing Authority
By its Attorney,

Richard S. Daniels, Jr.
DANIELS LAW OFFICES, P.C.
One Center Plaza
Boston, Massachusetts 02108
BBO No. 113680
Tel. (617) 227-7300
August 28, 2003

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT CIVIL BUSINESS DIVISION
NO. 004055

* * * * * * * * * * * * * * * * * * * * * *

Mass. Educational Financing Authority
Plaintiff

vs.

Gail F Thomas
Defendant

* * * * * * * * * * * * * * * * * * * * * *

COUNSEL CERTIFICATION

I am attorney of record for the plaintiff in the above captioned action.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part, "Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil action cover sheet or it's equivalent," I hereby certify that I have complied with this requirement.

Respectfully submitted,
Mass. Educational Financing Authority
By its Attorney,

Richard S. Daniels, Jr., BBO 113680
DANIELS LAW OFFICES, P.C.
One Center Plaza
Boston, Massachusetts 02108-1801
Tel. (617) 227-7300
August 29, 2003

5021-1307

138860299

52344 / 2580

**MEFA Loan for Graduate Education**
**PROMISSORY NOTE**

10702167

In this Note and the attached Disclosure Statement and Itemization of Amount Financed, the words "I," "me" and "my" mean each and all of those who sign or co-sign it. If more than one person signs this Note, each will be fully liable on the Note. "You," "your" and "yours" mean and refer to Suffolk University (the "Institution") and any endorsee or assignee who is in possession of the Note, including but not limited to the MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY (the "Authority"), to which it is contemplated this Note will be transferred. The terms FINANCE CHARGE, Total of Payments, Amount Financed and PREPAID FINANCE CHARGE refer to the amounts disclosed on the attached Disclosure Statement and Itemization of Amount Financed. I understand that the "FINANCE CHARGE" and the "Total of Payments" disclosed below are estimates since the Disbursement Date (defined below) and my payment habits will determine the total interest I will pay as further explained below.

1. Promise to Pay. I promise to pay to your order $13,225.81 , (or such lesser amount as is advanced to me or paid on my behalf, plus the Prepaid Finance Charge on the amount so advanced or paid on my behalf) (the "Original Principal Amount") plus deferred interest added to the Original Principal Amount of this Note pursuant to Section 2 below. The maximum amount of this Note, including such deferred interest, will be $15,496.32 . I also promise to pay interest on the unpaid principal balance of this Note (calculated as set forth in Section 6 below) at the rate of 6.85% per annum. The unpaid principal balance of this Note shall be said Original Principal Amount, plus any deferred interest added thereto pursuant to Section 2 below, minus any amount applied to principal due but unpaid pursuant to subsection 3(a) below. You may impose and I will pay a fee not in excess of the amount permitted by applicable law with respect to a payment which cannot be collected upon its initial deposit for collection because of insufficient funds or for any other reason.

2. Interest and Deferral. Provided that I maintain at least half time student status at the Institution I may defer payment of principal until six months after my expected graduate date (but in no event later than 01/01/2002 (the "Repayment Commencement Date")). Interest on the unpaid principal balance of this Note will, however, accrue from the Disbursement Date (defined below) until I begin repayment. Payment of interest accruing before the Repayment Commencement Date may be deferred until the Repayment Commencement Date. Any such accrued but unpaid interest will be added to the unpaid principal balance of this Note monthly beginning on the first day of the month following the Disbursement Date.

3. Definitions. "Disbursement Date" means the date on which you lend money to me in consideration of the delivery of this Note and will be the dated date of my loan check or the date the loan funds are electronically transferred to the Institution. "Maturity Date" means the date that is the first day of the 208th month following the month in which the Disbursement Date occurs.

THE TERMS OF THIS NOTE ARE CONTAINED ON BOTH SIDES OF THIS DOCUMENT.

I acknowledge that I have received, read and understood the provisions of this Note, including those set forth on the reverse side of this document. My signature below both evidences such acknowledgment, including acknowledgment that the obligations of all persons signing this Note are joint and several, and constitutes my signature on this Note.

Student Borrower [signature] Gail F. Thomas Date 6/15/99

Co-Signer (#1) ______________________ Date ______________

Co-Signer (#2) ______________________ Date ______________

School Certification
(To be Completed Only by Authorized School Official)

Student Name: Gail F. Thomas
Social Security #: 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
Loan Period: 09/99-06/00
Student Grade Level:
Anticipated Graduation Date: 06/01/2001
Requested Amount: $12,300.00

A. Cost of Attendance for loan period: 30,122

B. Financial Aid for loan period: 19300

C. Maximum loan amount (A minus B): 10,822

D. Approved Amount: 10,822
(the lesser of C or Requested Amount)

CERTIFICATE OF PARTICIPATING INSTITUTION

- The Student is making satisfactory progress as defined by the Institution.
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]

The Institution, by the undersigned duly authorized officer, does hereby for value sell, assign and transfer to the Massachusetts Educational Financing Authority the foregoing Note and all rights in, to and under the loan evidenced by such Note, without recourse to the Institution. The undersigned hereby certifies, effective as of the date set forth below and as of any subsequent date on which this note delivered herewith is purchased by the Massachusetts Educational Financing Authority, that the terms and certifications listed above are true and accurate.

Authorized School Official Signature: [signature] Date: 7/12/99

Authorized Official Name/Title: D. Pezzero / Loan Coordinator

EXHIBIT A

15745388 227174000

53799 12-54

MEFA Loan for Graduate Education

# PROMISSORY NOTE

In this Note and the attached Disclosure Statement and Itemization of Amount Financed, the words "I," "me" and "my" mean each and all of those who sign or cosign it. If more than one person signs this Note, each will be fully liable on the Note. "You," "your" and "yours" mean and refer to Suffolk University (the "Institution") and any endorsee or assignee who is in possession of the Note, including but not limited to the MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY (the "Authority"), to which it is contemplated this Note will be transferred. The terms FINANCE CHARGE, Total of Payments, Amount Financed and PREPAID FINANCE CHARGE refer to the amounts disclosed on the attached Disclosure Statement and Itemization of Amount Financed. I understand that the "FINANCE CHARGE" and the "Total of Payments" disclosed below are estimates since the Disbursement Date (defined below) and my payment habits will determine the total interest I will pay as further explained below.

1. **Promise to Pay.** I promise to pay to your order $11,827.96 (or such lesser amount as is advanced to me or paid on my behalf, plus the Prepaid Finance Charge on the amount so advanced or paid on my behalf) (the "Original Principal Amount") plus deferred interest added to the Original Principal Amount of this Note pursuant to Section 2 below. The maximum amount of this Note, including such deferred interest, will be $12,910.77. I also promise to pay interest on the unpaid principal balance of this Note (calculated as set forth in Section 6 below) at the rate of 7.85% per annum. The unpaid principal balance of this Note shall be said Original Principal Amount, plus any deferred interest added thereto pursuant to Section 2 below, minus any amount applied to principal due and unpaid pursuant to subsection 3(a) below. You may impose and I will pay a fee not in excess of the amount permitted by applicable law with respect to a payment which cannot be collected upon its initial deposit for collection because of insufficient funds or for any other reason.

2. **Interest and Deferral.** Provided that I maintain at least half time student status at the Institution I may defer payment of principal until six months after my expected graduate date (but in no event later than 12/01/2001 (the "Repayment Commencement Date")). Interest on the unpaid principal balance of this Note will, however, accrue from the Disbursement Date (defined below) until I begin repayment. Payment of interest accruing before the Repayment Commencement Date may be deferred until the Repayment Commencement Date. Any such accrued but unpaid interest will be added to the unpaid principal balance of this Note monthly beginning on the first day of the month following the Disbursement Date.

3. **Definitions.** "Disbursement Date" means the date on which you lend money to me in consideration of the delivery of this Note and will be the dated date of my loan check or the date the loan funds are electronically transferred to the Institution. "Maturity Date" means the date that is the first day of the 184th month following the month in which the Disbursement Date occurs.

THE TERMS OF THIS NOTE ARE CONTAINED ON BOTH SIDES OF THIS DOCUMENT.

I acknowledge that I have received, read and understood the provisions of this Note, including those set forth on the reverse side of this document. My signature below both evidences such acknowledgment, including acknowledgment that the obligations of all persons signing this Note are joint and several, and constitutes my signature on this Note.

Student Borrower [signature] Gail F. Thomas Date 8/5/00

Co-Signer (#1) ______________________ Date ________

Co-Signer (#2) ______________________ Date ________

School Certification
(To be Completed Only by Authorized School Official)

Student Name: Gail F. Thomas

Social Security #: 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

Loan Period: 09/00-05/01

Student Grade Level:

Anticipated Graduation Date: 05/01/2001

Requested Amount: $11,000.00

A. Cost of Attendance for loan period: 31,142

B. Financial Aid for loan period: 20,500

C. Maximum loan amount (A minus B): 10,642

D. Approved Amount: 10,642 ✓
(the lesser of C or Requested Amount)

CERTIFICATE OF PARTICIPATING INSTITUTION

The Student is making satisfactory progress as defined by the Institution.

The Student, Co-Applicant(s) if any, to the best of the undersigned's knowledge, have not defaulted on an educational loan and have not failed to refund an educational grant required to be refunded.

The Institution is a degree-granting educational institution within the Commonwealth of Massachusetts authorized by law to provide a program of education beyond high school and has received from the United States Internal Revenue Service a determination that the undersigned is an organization exempt from federal income taxation under the Internal Revenue Code of 1986 (Section 501(c)(3)) [illegible]

The authorized school official has no knowledge that any event has occurred or that any circumstance exists which, if it had existed at the time of the making of the loan evidenced by this Note, would have made the Borrower ineligible to receive such loan from the Institution in the amount made (the authorized school official's "knowledge" is limited to actual knowledge, as provided in such Operations Manual).

This Note bears interest at the rate and contains the other terms required for the Authority's purchase of Education Loans as set forth in such Operations Manual.

The authorized school official has no knowledge of any fact or circumstance, economic or other, which adversely affects the credit of the Borrower or any Co-Signer under this Note or the prospect of timely repayment thereof, except as disclosed in the Borrower's or Co-Signer's Application previously submitted to the Authority's Servicer.

The Institution, by the undersigned duly authorized officer, does hereby for value sell, assign and transfer to the Massachusetts Educational Financing Authority the foregoing Note and all rights in, to and under the loan evidenced by such Note, without recourse to the Institution. The undersigned hereby certifies, effective as of the date set forth below and as of any subsequent date on which this note delivered herewith is purchased by the Massachusetts Educational Financing Authority, that the terms and certifications stated above are true and accurate.

Authorized School Official Signature [signature] Date: 8/8/00

Authorized Official Name/Title: [handwritten, partly illegible]

EXHIBIT B

Exhibit J

**DANIELS LAW OFFICES, P.C.**
*Attorneys at Law*
*One Center Plaza*
*Boston, Massachusetts 02108-1801*
*Telephone (617) 227-7300 Facsimile (617) 227-9643*

RICHARD S. DANIELS, JR.

KAREN J. WISNIOWSKI
JOHN P. MURRAY
SAMANTHA R. MECKLER
MICHAEL J. SWEDICK
JOSEPH P. CORRIGAN

| | |
|---|---|
| MONDAY - THURSDAY | 8:00 - 8:30 |
| FRIDAY | 8:00 - 5:00 |
| TOLL FREE | (800) 339-4595 |
| COLLECTION FAX | (617) 454-3434 |
| LITIGATION FAX | (617) 454-3435 |

September 18, 2003

MAF 5021-1307, 00138860299 3
Gail F Thomas
5415 Connecticut Av E 125
Washington, DC 20015

Dear Sir/Madam: Re: Mass. Educational Financing Authority

Thank you for your recent communication with this office regarding the claim against you by the above-named creditor. Your payoff balance includes the amount referred to us, attorney's fees of 15%, and costs we have incurred on your case to date, less your payments to us, plus interest to date, in the total amount of $ 16,357.81.

You promised to pay the balance at $ 241.00 every 30 days, starting 10/01/2003. As we advised, your payment is too low in relation to the size of your debt for this office to dismiss or forbear from court action against you. We will accept your good faith payments and credit them to your account, but we will need to pursue an action against you in court. Because the courts require that an action be disposed of within certain time limits, we must carry any court action against you to judgment. Daniels Law Offices, P.C. , and your creditor reserve the right to bring a civil action against you at a time later than 14 days from the date hereof or not to bring an action against you at all. Upon payment in full we will indicate to the court that the judgment has been paid. Should you default in your payments, we will begin Supplementary Proceedings against you in court to enforce the judgment. Interest will continue to accrue until the balance is paid in full. This arrangement does not replace your original obligation or relieve you of your default; it is merely an accommodation to you and will be subject to review on or about 3/29/2004.

Enclosed is a Personal Financial Statement which must be completed by you and returned with your first payment. This arrangement is conditioned upon the information in the Personal Financial Statement being acceptable to the creditor and conforming with information provided to this office orally, if any.

Very truly yours,

Daniels Law Offices, P.C.

This is an attempt to collect a debt and any information obtained will be used for that purpose. We are debt collectors.

# Exhibit K

September 22, 2003

Daniels Law Offices, PC
One Center Plaza
Boston, MA 02108-1801

RE: Account No MAF 5021-1307-00138860299

Dear Sir or Madam:

I have received your letter dated September 18, 2003. Thank you for presently accepting my proposed payments of 241.00 that began in 9/1/2003 (not on 10/1/2003 as your letter indicated). Also, the first payment of 241.00 (Check No. 1400) was received and cashed by your office during the first week in September. The second payment of 242.00 October 2003) payment is attached.

Please note that I have not received any correspondence from your office advising me that the monthly payment of 241.00 (beginning in 9/1/2003) was unacceptable. You enclosed a personal financial statement form with your letter, which I hope to return within your 14-day timeframe pending legal counseling.

Thank you and I look forward to hearing from you.

Gail Thomas GTS
5415 Connecticut Avenue East
Apt 125
Washington, DC 20015

Attachment (1) - 242.00 payment and 2 payment coupons



**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dean Law Office
One Central Plaza
Boston, MA
02108-1801

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X Milena DiMauro ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Milena DiMauro

C. Date of Delivery 9/26/03

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7000 1670 0003 0674 1329

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-10



**Online Check Imaging**

Print This Page | Close Window

The front image:

5021-1307

GAIL F. THOMAS
5415 CONNECTICUT AVE NW, APT 125
WASHINGTON, DC 20015

1405

DATE 9/30/03

PAY TO THE ORDER OF Daniel Law Offices $ 242.00

two hundred forty-two dollars & 00/100 DOLLARS

NetBank Member FDIC

MAF 5021-1307
MEMO 120138860399

⑆061091977⑆1000157916?⑈ 1405 ⑈0000024200⑈

The back image:

FOR DEPOSIT ONLY IN THE
SOVEREIGN BANK NEW ENGLAND
TO THE ACCOUNT OF
DANIEL'S LAW OFFICES, P.C.
CLIENTS TRUST ACCOUNT
52100052523

# Exhibit L

September 28. 2003

Mr. Matthew Fishman
Daniels Law Offices. PC
One Center Plaza
Boston. MA 02108-1801

RE: Account No MAF 5021-1307-00138860299

Dear Mr. Fishman:

Thank you for your September 24. 2003 providing your assessment of the current breakdown of my account. Please note the following:

| | |
|---|---|
| My prior payments to MEFA totaled: | 1571.03 |
| My September 2003 and October 2003 payments to Daniel Law Offices | 483.00 |
| My total payments to date on the loan are: | **2054.00** |

Also:

(1) The Payment to the "client" in your breakdown is incorrect. Your September 24. 2002 letter states the payment as 100.00. This is erroneous; the payments should total 1571.03. I have attached a copy of the August 29. 2003 letter (with notation updates) outlining all payments as of the date of that letter. Please note that I retained copies of all of the processed checks and payments. Therefore, I would like a revised statement reflecting the previous payments.

(2) I am respectfully requesting a more complete legal explanation of the "Pre-Judgment Interest" and the "Attorney Fee's." Particularly, the Pre-Judgment Interest of what appears to be approximately 5 percent is being compounded on the Placement Amount on a per monthly basis. (e.g.. in your correspondence dated August 7th the interest amount was 602.48. in your correspondence dated September 24th the interest was 713.61.) This is not the interest rate negotiated on the original loan. therefore I would like a written legal cite for the basis of the interest and how it is calculated.

Thank you and I look forward to your response.

Gail Thomas

Attachments: August 29. 2003 letter and copy of Daniel Law Offices September 24. 2003 letter



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Matthew Fishman
Daniels Law Offices PC
One Center Plaza
Boston, MA 02108-1801

2. Article Number (Transfer from service label) 7003 1010 0004 1996 2661

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature ✗ Milena DiMauro ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) Milena DiMauro

C. Date of Delivery 10/1/03

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540



Exhibit M

ATTORNEY JOHN K. TALBOT

Wednesday, July 28, 2004

Richard S. Daniels, Jr.
DANIELS LAW OFFICES, P.C.
One Center Plaza
Boston, Massachusetts 02108

RE: Gail Thomas, Docket # SUCV2003-06058-G

Dear Attorney Daniels:

I am enclosing the August, 2004, $242 payment on the loans my client has with MEFA. According to the payment agreement she made with your offices, Ms. Thomas wants to ensure you receive her payments on time and for the correct amounts. The note from Ms. Thomas (attached to check) specifies the payment is to be applied to both loans held by your client.

Of course, if you have any questions, do not hesitate to contact me.

Sincerely,

John K Talbot

Attorney John K. Talbot

317 West Street. • Dedham, MA • 02026
Phone: 781/752-4040 • Fax: 781/752-4040 • EMAIL: jktalbot@attytalbot.com

GAIL F. THOMAS 6/16/99
5415 CONNECTICUT AVE NW APT 125
WASHINGTON DC 20015

64-9197
610

1520

DATE 7/17/04

PAY TO THE ORDER OF Daniels Law Offices $ 242.00

[two] hundred fourty two dollars + 00/100 DOLLARS

NET.BANK
MEMBER FDIC, www.netbank.com

00138860299 (122.00)
MEMO 00227174000-9 (120.00)

Gail J Thomas

⑆061091977⑆ 1000157916 7⑈ 1520

July 16, 2004

Daniels Law Offices, PC
One Center Plaza
Boston, MA 02108-1801

**RE: Acct No. MAF 5021-1307 – 00138860299 (122.00)**
**Acct No. 00227174000-9 (120.00)**

Dear Sir or Madam:

Attached is the August 2004 payment for the above accounts.

Thank you,

Gail Thomas

Gail Thomas
5415 Connecticut Ave NW Apt 125
Washington DC 20015

# Exhibit N

Rec'd 12/22/03

DANIELS LAW OFFICES, P.C.
*Attorneys at Law*
*One Center Plaza*
*Boston, Massachusetts 02108-1801*
*Telephone (617) 227-7500 Facsimile (617) 227-9643*

Richard S. Daniels Jr.

Karen J. Wisniewski
John P. Murray
Samantha R. [illegible]
Michael [illegible]
Joseph P. Corrigan

Monday - Thursday [illegible]
Friday [illegible]
Toll Free [illegible]
Collection Fax [illegible]
Litigation Fax [illegible]

December 19, 2003

IA7 5021-1203, 0227174000 4
Gail F Thomas
5415 Connecticut Ave N W
Apt 125 Washington, DC 20015

Dear Sir/Madam: Re: Mass. Educational Financing Authority

Enclosed please find a current breakdown of your account.

| | |
|---|---|
| Placement Amount | $ 8,380.94 |
| Attorney's Fee | $ 1,251.22 |
| Debits | $ 0.00 |
| Charges | $ 257.25 |
| Pre-Judgment Interest | $ 658.47 |
| Post-Judgment Interest | $ 0.00 |
| Total Debits | $ 10,547.88 |
| Payments to Client | $ 100.00 |
| Payments to Us | $ 0.00 |
| Payments to Corresponding Attorney | $ 0.00 |
| Miscellaneous Credits | $ 0.00 |
| Total Credits | $ 100.00 |
| BALANCE DUE | $ 10,447.88 |

In forwarding payment please state the name of our client and make checks payable to Daniels Law Offices, P.C.

Very truly yours,

Lesley A. Smith
Legal Assistant

This is an attempt to collect a debt and any information obtained will be used for that purpose. We are debt collectors.

Exhibit O

Rec'd 12/22/03

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT CIVIL BUSINESS DIVISION
NO. 004055

Mass. Educational Financing Authority
Plaintiff

vs.

Gail F Thomas
Defendant

REQUEST FOR DEFAULT
(Pursuant to Rule 55(a))

TO THE CLERK OF THE ABOVE-NAMED COURT:

I, RICHARD S. DANIELS, JR., attorney for the above-named plaintiff, state that the complaint in which a judgment for affirmative relief is sought against the defendant(s) herein was filed on 9/10/2003 and the summons and a copy of the complaint have been served on the defendant(s) herein on 10/16/2003, as appears from the officer's return; that the time within which the defendant(s) shall serve a responsive pleading or otherwise defend pursuant to Rule 12(a) has expired and the defendant(s) herein has/have failed to serve or file an answer or otherwise defend as to the complaint.

WHEREFORE, the plaintiff makes application that the defendant(s) be defaulted. Dated at Boston, MA December 19, 2003.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

Respectfully submitted,
Mass. Educational Financing Authority
By its Attorney,

Richard S. Daniels, Jr.

Richard S. Daniels, Jr., BBO 113680
DANIELS LAW OFFICES, P.C.
One Center Plaza
Boston, Massachusetts 02108-1801
Tel. (617) 227-7300
December 19, 2003

5021-1308

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

   Gail F. Thomas v. Daniels Law Offices, P.C.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | | |
|---|---|---|---|
| ___ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. | |
| X | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ___ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| ___ | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| ___ | V. | 150, 152, 153. | |

04 11822 RGS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐ NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐ NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐ NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐ NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☐ Central Division ☐ Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☒ Central Division ☐ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐ NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME John K. Talbot

ADDRESS 317 West Street, Dedham, MA 02026

TELEPHONE NO. 781-752-4040

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

THOMAS, GAIL F.

(b) County of Residence of First Listed Plaintiff District of Colombia
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

DANIELS LAW OFFICES, P.C.

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JOHN K. TALBOT
LAW OFFICE OF JOHN K. TALBOT
317 WEST ST., DEDHAM, MA 02026 781-752-4040

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC §1692 K(d) Violations of Fair Debt Collection Practices Act

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 19 AUGUST 2004 SIGNATURE OF ATTORNEY OF RECORD John K Talbot

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE