UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action #: 04-CV-11822 RGS

| | |
|---|---|
| Gail F. Thomas,<br>        Plaintiff<br>v.<br><br>Daniels Law Offices, P.C.,<br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S RULE 60(a) MOTION FOR ORDER ENTERING JUDGMENT IN HER FAVOR AGAINST DEFENDANT DANIELS LAW OFFICES AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff, by counsel, pursuant to and in accordance with F.R.C.P. 60 and 68, hereby moves the Court to Order the Clerk to amend and/or withdraw its dismissal order and to enter Judgment in favor of the Plaintiff, Gail F. Thomas, against Defendant, Daniels Law Offices, P.C. ("DLO"). In support of this Motion, the Plaintiff states as follows:

ARGUMENT

On October 28, 2004, DLO served an Offer of Judgment pursuant to Fed. R. Civ. P. 68. On November 2, 2004, Plaintiff filed a "NOTICE OF ACCEPTANCE OF RULE 68 OFFER OF JUDGMENT". Rule 68 provides in relevant part:

> If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

The Offer of Judgment is not an offer of settlement. It is not an offer to pay a sum certain, or an offer of compromise. Rather, A Rule 68 Offer of Judgment is just that - an offer to have the

Clerk enter judgment in favor of the Plaintiff, against the Defendant, in the amount confessed.  A judgment on a Rule 68 offer is "essentially a consent judgment."  *Moore's Federal Practice - Civil*, Section 68.05(6) (2004).  As the Seventh Circuit has explained, there is

> [A] critical difference between ordinary contract offers and Rule 68 offers.  Rule 68 operates automatically, requiring that the clerk 'shall enter judgment'upon the filing of an offer, notice of acceptance and proof of service.  The language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer.  Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement.  'Entry of a Rule 68 judgment is ministerial rather than discretionary.'  Thus, there is no opportunity for a district court to even consider allowing rescission of the Rule 68 'contract.'  Once the acceptance has been properly filed, judgment must be entered.  (citation ommited).

*Dennis Webb v. Dick James Ford, Inc.*, 147 F.3d 617, 621 (7th Cir. 1998).  The Sixth Circuit has similarly held that the District Court has no discretion to do anything other than enter judgment upon acceptance,

> [R]ule 68 also leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted.  By directing that the clerk *shall* enter judgment after proof of offer and acceptance have been filed, the explicit language of the rule signifies that the district court possesses no discretion to alter or modify the parties agreement.

*Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991).  The Sixth Circuit earlier had explained,

> We agree with the plaintiffs that the clerk was required to enter judgment [under Rule 68] . . . The clerk refused to enter judgment . . . Because the clerk failed to perform the ministerial act of entering judgment, the court should have entered judgment *nunc pro tunc*.

*Oates v. Oates*, 866 F.2d 203, 208 (6th Cir.), *cert. denied*, 490 U.S. 1109, 109 S. Ct. 3163, 104 L.Ed. 2d 1025 (1989).

On December 2, 2004, this Court entered a "SETTLEMENT ORDER OF DISMISSAL".  This is not an accurate statement of the position of the parties in this case.  As of November 2, 2004, the date of entry, and through the date of the service of this Memorandum, the parties have

not settled the case or transacted any agreement to resolve it, other than upon the acceptance of DLO's confession of judgment pursuant to Rule 68. The Plaintiff elected to accept the judgment rather than to settle the case outside of Court. This has value to her, and was the contracted agreement of the parties. The Plaintiff seeks entry by the Clerk of Judgment according to the terms specified in the Defendant's Offer of Judgment. For the Clerk, this is a ministerial act and should not have required further order of the Court. Nevertheless, as such judgment was not entered, the Plaintiff asks the Court to do so.

                                                 Respectfully submitted,
                                                 Gail F. Thomas (defendant),
                                                 By her Attorney,

                                               John K. Talbot
                                               Law Office of John K. Talbot
                                               317 West Street
                                               Dedham, MA 02026
                                               BBO # 655187
                                               Tel #: 781-752-4040
                                               Date: Tuesday, December 07, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action #: 04-CV-11822 RGS

Gail F. Thomas, )
        Plaintiff )
v. )
 )
Daniels Law Offices, P.C., )
        Defendant )

## JUDGMENT ORDER

    The Court hereby Amends its Settlement Order of Dismissal entered December 2, 2004. The Court finds that on October 28, 2004, the defendant, Daniels Law Offices, P.C., served an Offer of Judgment upon the Plaintiff, pursuant to Fed. R. Civ. P. 68, in the total and inclusive amount of $1,750.00, and that on November 2, 2004 the Plaintiff served with and notified the Defendant of her acceptance of that Offer of Judgment; and it is therefore

    ORDERED that Judgment is entered in favor of the Plaintiff, Gail F. Thomas, against the Defendant, Daniels Law Offices, P.C., in the amount of $1,750.00, inclusive of all damages and attorneys fees, *nunc pro tunc* to November 2, 2004.

    This matter is hereby removed from the Court's docket. The Clerk is directed to send a copy of this Order to all counsel of record.

    ENTERED THIS _____ DAY OF _____, 2004.

_____
United States District Judge